**FILED**

**MARCH 17, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

3625 BSP/P CC202

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| KELLY CARAYNOFF as mother of ALEXANDER R. CARAYNOFF, a minor | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: |
| HEELYS SPORTS, LTD., a corporation, | ) ) ) | |
| Defendant. | ) ) | |

**08 C 1553**

**JUDGE DOW
MAGISTRATE JUDGE BROWN**

### NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

NOW COME the Defendant, HEELING SPORTS, LTD., a Texas general partnership, incorrectly sued as "HEELYS SPORTS, LTD." (hereinafter "Heeling"), by its attorneys, Jonathan P. Schaefer of PURCELL & WARDROPE, CHTD., and pursuant to 28 U.S.C.A. 1332, 1441 and 1446, hereby provides notice of its removal of this cause pursuant to said statutes and for the following reasons:

1.     On or about February 5, 2008, there was commenced and is now pending in the Circuit Court of the Cook County, Illinois, a certain civil action under case #08 L 001296, in which Kelly Caraynoff, as mother of Alexander R. Caraynoff, minor, is the Plaintiff, and Heeling is the Defendant.

2.     The aforementioned lawsuit is brought by the Plaintiff seeking damages for personal injuries allegedly sustained by the minor Plaintiff under theories of negligence and product liability relative to an alleged accident on January 8, 2007. The Complaint does pray for damages "in an amount in excess of $30,000.00". The Plaintiff's attorney did provide the

Defendant with his affidavit under Illinois Supreme Court Rule 222(b), indicating the total money damages being sought in the Complaint exceeded $50,000.

3.    The Plaintiff's Complaint At Law alleged that the minor Plaintiff "suffered a spiral fracture of the left femur and other physical injuries", as well as pain and suffering and medical expense, both in the past and in the future, as well as loss of normal life. Upon receipt of the suit papers, the undersigned defense counsel called and talked with the Plaintiff's attorney, Barry Weiss, on March 13, 2008, at which time Mr. Weiss advised the undersigned counsel that the minor Plaintiff underwent two separate surgeries on his leg in order to repair the alleged femur fracture. In said conversation, Mr. Weiss concurred with the defense counsel that the amount in controversy in this lawsuit exceeded $75,000.00. (See defense counsel's confirmation letter attached as Exhibit A.) Therefore, based on the foregoing, the undersigned counsel for the defendant has a reasonable belief that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In an overabundance of caution, the Defendant served the Plaintiff with a Request to Admit Facts re: diversity jurisdiction, co-comittent with its Notice of Removal. (See Exhibit B attached.)

4.    The Defendant states that the above lawsuit involves a controversy with complete diversity of citizenship between citizens of different states, and the Defendant affirmatively states further:

      (a)    Per Paragraph 3 of his Complaint of Law, the minor Plaintiff was at the commencement of this action, and is now, a citizen of the State of Illinois, and is a resident of the State of Illinois, and is not a citizen of the State of Texas;

      (b)    The Defendant, Heeling Sports, Ltd., incorrectly sued as Heelys Sports, Ltd., is a general partnership duly created and organized by and under the laws of State of Texas with its personal place of business in the State of Texas, and was not and is not a general partnership created or organized under the laws of the State of Illinois, nor does it have a principal place of business in the State of Illinois.

2

5.    This matter involves a controversy between an individual who is a resident of the State of Illinois on the one hand, and a corporation incorporated or organized pursuant to the laws of a state other than Illinois, and who has its principal place of business in a state other than Illinois, on the other hand.  Further, the amount in controversy involves more than Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs.  Accordingly, the District Court for the United States has original jurisdiction over this lawsuit.

6.    This Notice of Removal is timely filed on the first business day after thirty (30) of the service of the Summons and Complaint upon the Defendant at its corporate offices in Carrollton, Texas on February 14, 2008.

7.    Attached hereto and made a part hereof are copies of the following documents to be filed by the Plaintiff and the Defendants in the Circuit Court of the Cook County, Illinois under case #08 L 001296:

-    The Plaintiff's Complaint at Law;

-    The Summons directed to the Defendant;

-    Defendant's Appearance and Jury Demand;

-    Defendant's Answer and Affirmative Defenses;

-    Defendant's Interrogatories, Rule 214 Request to Produce, Rule 237 Notice to Produce at Arbitration/Trial, Plaintiff's Stipulation and Notice of Filing same; and

-    Defendants' Notice of Filing Re: Notice of Removal.

To the Defendant's knowledge, no other documents, nor pleadings was filed in said lawsuit.

3

8.      Notice of the filing of this Removal has been given to all parties as required by law, and is attached hereto.  A true and correct copy of this Removal has been filed with the Clerk of the Circuit Court of Cook County, Illinois – Law Division, as provided by law.

9.      The Defendant herein on removal also demands this case be tried by a jury.

WHEREFORE, the Defendant, HEELING SPORTS, LTD., a Texas general partnership, incorrectly sued as "HEELYS SPORTS, LTD.", prays it may affect removal of the within action from the Circuit Court of the Cook County, Illinois – Law Division, to the United States District Court for the Northern District of Illinois – Eastern Division, and that the matter be tried before a jury.

Respectfully submitted,

By:    /s/ Jonathan P. Schaefer
       Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3625 - Caraynoff\Pleadings\NtcRemoval.doc

4

# PURCELL & WARDROPE
*Chartered*
*Attorneys at Law*

10 SOUTH LA SALLE STREET
SUITE 1200
CHICAGO, ILLINOIS 60603-1013
*Telephone*
(312) 427-3900
*Toll Free Number*
(866) 4 PURCELL
*Facsimile*
(312) 427-3944

www.purcellwardrope.com

JONATHAN P. SCHAEFER
jps@pw-law.com

March 14, 2008
*Via Hand Delivery*

Barry Weiss
Topper and Weiss, Ltd.
19 S. LaSalle Street, Suite 1202
Chicago, IL 60603

Re:    *Kelly Caraynoff, as mother of Alexander R. Caraynoff, a minor v. Heelys Sports, Ltd.*
       Court No.:     2008 L 001296
       D/A:           January 8, 2007
       Our File No.:  3625 JPS/BSP CC202

Dear Mr. Weiss:

I write this in follow-up of our recent conversations. Attached hereto you will find our Appearance and Jury Demand, Answer and Affirmative Defense, initial discovery requests and Plaintiff's Stipulation, all filed today in state court.

Your Complaint alleged that the minor Plaintiff suffered a spiral fracture to his left femur, and the Complaint further indicated that the damages being sought were "in excess of $50,000.00". This letter will confirm that I discussed diversity of the parties with you on 3/13/08, and of the Defendant's intention to remove if the amount in controversy was sufficient. I told you that my evaluation was that the amount in controversy exceeded $75,000.00 because of the nature of the injury and the need for two surgeries. *You indicated to me that you agreed to the amount in controversy exceeded $75,000.00.* Accordingly, I will remove the case, and will attach a copy of this letter to further establish the amount in controversy.

If you have any questions, please do not hesitate to call.

Sincerely,

Jonathan P. Schaefer

JPS/mmd
Enclosures
F:\JPS\3625 - Caraynoff\Letters\AP001.doc


EXHIBIT
4

3625 BSP/P CC202

Firm No. 08079

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| KELLY CARAYNOFF as mother of ALEXANDER R. CARAYNOFF, a minor | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: ) |
| HEELYS SPORTS, LTD., a corporation, | ) ) ) |
| Defendant. | ) ) |

### DEFENDANT'S REQUEST TO ADMIT FACTS DIRECTED TO PLAINTIFF

NOW COMES the Defendant, HEELING SPORTS, LTD., a Texas general partnership,

incorrectly sued as "HEELYS SPORTS, LTD.", by its attorneys, Jonathan P. Schaefer of

PURCELL & WARDROPE CHTD., and hereby requests the Plaintiff, KELLY CARAYNOFF

as mother of ALEXANDER R. CARAYNOFF, a minor, pursuant to Federal Rule of Civil

Procedure 36, to admit or deny the following within 30 days hereof:

1.      The amount in controversy in this cause, including any and all claims of future damages, *is in excess of $75,000*, exclusive of any interest and/or costs.

2.      At the time of filing the Complaint on 02/05/08, the Plaintiff, Kelly Caraynoff, and the minor Plaintiff, Alexander R. Caraynoff, were residents of the State of Illinois.

3.      At the time of filing the Complaint on 02/05/08, the Plaintiff, Kelly Caraynoff, and the minor Plaintiff, Alexander R. Caraynoff, were not residents of the State of Texas.

Pursuant to Federal Rule of Civil Procedure 36, the above facts will be admitted unless, within said 28 days, the Plaintiff files and/or serves a sworn denial, or written objections on the ground that the requested admissions are privileged, irrelevant, or otherwise improper.

Respectfully submitted,

By:  _____

Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3625 - Caraynoff\Pleadings\Req2Admit.doc


EXHIBIT
B

#80826

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT   LAW DIVISION

KELLY CARAYNOFF as mother of        )
ALEXANDER R. CARAYNOFF, a minor,    )
                                    )
            Plaintiff,              )
                                    )
        vs.                         ) NO.
                                    )
HEELYS SPORTS, LTD.,                )
a corporation,                      )
                                    )
            Defendant.              )

**COMPLAINT AT LAW**

NOW COMES the plaintiff, KELLY CARAYNOFF as mother of ALEXANDER

R. CARAYNOFF, a minor, by and through her attorneys, TOPPER AND WEISS, LTD.,

and complaining against the defendant, HEELYS SPORTS, LTD., a corporation, states as

follows:

**COUNT I – STRICT LIABILITY**

1.  On and prior to the 8th day of January, 2007, the defendant, HEELYS

SPORTS, LTD., a corporation (hereinafter referred to as "Heelys") was a corporation

with its principal place of business located at Carrollton, Texas.

2.  On and prior to the aforesaid date, Heelys was duly registered and licensed to

do business in the County of Cook, State of Illinois and was engaged in the business of

designing, manufacturing and selling shoes with stealth wheels and did design,

manufacture and sell a certain Heelys, Style 7104.

3. On the aforesaid date, the minor plaintiff was wearing Heelys and was on the asphalt driveway in front of his house at 612 Brita Trail, Minooka, Illinois, using the Heelys in a manner in which they were intended in a manner reasonably foreseeable.

4. Defendant had a duty to design, manufacture, distribute and sell its shoes that they were neither defective, nor unreasonably dangerous when put to the use for which they were designed, manufactured, distributed and sold.

5. At the time the Heelys left the possession of defendant and at the time the shoes entered the stream of commerce, the shoes were an unreasonably dangerous and defective condition. These defects included but were not limited to the following:

    a. Failure to include sufficient and adequate instructions and warnings;

    b. Inadequate design of the stealth wheels in the shoes;

    c. An inherently unstable design and a defective design which would result in an unreasonably high propensity to allow foreign objects such as small pebbles to get into the wheel mechanism while rolling and cause the wheel to lock;

    d. Failure to provide adequate warning to consumers or users of the dangers or hazards inherent in the use of the Heelys;

    e. Failed to provide sufficient guards to prevent objects such as small pebbles from locking the wheels while rolling;

    f. Failed to design the shoes to preclude objects such as small pebbles commonly found outside from locking the wheels while rolling;

6. As a direct and proximate result of one or more or all of the foregoing wrongful acts or omissions while rolling on an otherwise smooth level asphalt surface, the minor plaintiff was caused to fall because a pebble entered the wheel housing causing the wheel to lock on his lead right foot while the rear left heel kept rotating.

7. That as a direct and proximate result of the foregoing wrongful acts or omissions, the minor plaintiff was caused to fall and suffered a spiral fracture of the left femur and other physical injuries and the minor plaintiff was caused to and will in the future be caused to endure pain and suffering in body and mind in an endeavor to be cured of his injuries and his mother, Kelly Caraynoff, as parent and guardian of said minor plaintiff, was caused to and will in the future be caused to expend money for medical care and attention for the minor plaintiff; furthermore, that the minor plaintiff was unable to, for a long period of time and in the future be unable to attend to his normal affairs and duties.

8. That plaintiff, KELLY CARAYNOFF. assigns and relinquishes any claim she has for recovery of medical expenses paid and for which she became and will become liable to pay to the minor plaintiff, ALEXANDER R. CARAYNOFF.

WHEREFORE, KELLY CARAYNOFF, as mother of ALEXANDER R. CARAYNOFF, a minor, prays for judgment against defendant, HEELYS SPORTS, LTD., a corporation, in a sum in excess of THIRTY THOUSAND ($30,000.00) DOLLARS together with costs of this action.

## COUNT II -- NEGLIGENCE

1-3. Plaintiff hereby adopts and realleges Paragraphs 1 through 3 of Count I as Paragraphs 1 through 3 of Count II of this Complaint and further states:

4. That at all times herein relevant, it was the duty of said defendant to exercise due care in the design, testing, manufacturing, marketing and selling of the Heelys' style 7104 shoes such that the shoes would be reasonably safe for their intended use.

3

5. Defendant knew or had reason to know that the minor plaintiff, as a member of the general public for whose use the Heelys' shoes were placed into interstate commerce would likely be a recipient of the shoes by distributors who were sold the devices by defendant.

6. Defendant knew or reasonably should have known of the danger associated with the manner and circumstances of the foreseeable use of the Heelys' shoes which danger would not be obvious to the general public.

7. That notwithstanding the aforesaid duty, the defendant negligently and carelessly committed on or more of the following acts or omissions:

    a. Failure to include sufficient and adequate instructions and warnings;

    b. Inadequate design of the stealth wheels in the shoes;

    c. An inherently unstable design and a defective design which would result in an unreasonably high propensity to allow foreign objects such as small pebbles to get into the wheel mechanism while rolling and cause the wheel to lock;

    d. Failure to provide adequate warning to consumers or users of the dangers or hazards inherent in the use of the Heelys;

    e. Failed to provide sufficient guards to prevent objects such as small pebbles from locking the wheels while rolling;

    f. Failed to design the shoes to preclude objects such as small pebbles commonly found outside from locking the wheels while rolling;

8. That as a direct and proximate result of the foregoing wrongful acts or omissions, the minor plaintiff was caused to fall and suffered a spiral fracture of the left femur and other physical injuries and the minor plaintiff was caused to and will in the future be caused to endure pain and suffering in body and mind in an endeavor to be

4

cured of his injuries and his mother, Kelly Caraynoff, as parent and guardian of said minor plaintiff, was caused to and will in the future be caused to expend money for medical care and attention for the minor plaintiff; furthermore, that the minor plaintiff was unable to, for a long period of time and in the future be unable to attend to his normal affairs and duties.

WHEREFORE, KELLY CARAYNOFF, as mother of ALEXANDER R. CARAYNOFF, a minor, prays for judgment against defendant, HEELYS SPORTS, LTD., a corporation, in a sum in excess of THIRTY THOUSAND ($30,000.00) DOLLARS together with costs of this action.

TOPPER AND WEISS, LTD.

BARRY WEISS

TOPPER AND WEISS, LTD. #80826
19 S. LaSalle St., Suite 1202
Chicago IL 60603
#312-641-1975

BARRY WEISS certifies that he has read the above and foregoing Complaint At law and that to the best of his knowledge, information and belief, formed after reasonable inquiry it is well grounded in fact and it is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. .

BARRY WEISS

5

## A F F I D A V I T

Under oath and penalties provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the affiant herein states that as of the date of the attached initial pleading as provided in supreme Court Rule 222(b) the total of money damages sought does/does not exceed $50,000.00.

_____
BARRY WEISS

TOPPER AND WEISS, LTD. #80826
Attorneys for Plaintiff
19 S. LaSalle St., Suite 1202
Chicago IL  60603
#312-641-1975

| 2220 - Not Served | 2: - Not Served |
|---|---|
| 2320 - Served By Mail | 23.. - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(Rev.1/2/01) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)

KELLY CARAYNOFF, as mother of
ALEXANDER R. CARAYNOFF, a minor
Plaintiff

v.

HEELYS SPORTS, LTD., a corporation,
Defendant.

CASE H

2008L001296
CALENDAR

Please serve defendant:
Heelys Sports, Ltd.
3200 Belmeade Dr.
Suite 100
Carrollton, Texas 75006
(any person authorized to
accept service of summons)

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room _____ 801 _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: __80826__

Name: __TOPPER AND WEISS, LTD.__

Atty. for: __Plaintiff__

Address: __19 S. LaSalle St., Suite 1202__

City/State/Zip: __Chicago    IL    60603__

Telephone: __312-641-1975__

Service by Facsimile Transmission will be accepted at: _____

WITNESS, FEB 0 5 2008

DOROTHY BROWN
DOROTHY BROWN
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)  (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

3625 BSP/P CC202

Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

|  |  |  |
|---|---|---|
| KELLY CARAYNOFF as mother of ALEXANDER R. CARAYNOFF, a minor | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 08 L 001296 |
| HEELYS SPORTS, LTD., a corporation, | ) ) ) | |
| Defendant. | ) ) | |

### APPEARANCE AND JURY DEMAND

The undersigned, as attorney, enters the appearance and jury demand of the Defendant:

**HEELING SPORTS, LTD., a Texas general partnership, incorrectly sued as "HEELYS SPORTS, LTD."**

....................................................................................................................................................

***Defendant demands trial by jury.

_____
JONATHAN P. SCHAEFER

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3625 - Caraynoff\Pleadings\AppJD.doc

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Attorney for Defendant

3625 BSP/P CC202

Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| KELLY CARAYNOFF as mother of<br>ALEXANDER R. CARAYNOFF, a minor | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 08 L 001296 |
| | ) | |
| HEELYS SPORTS, LTD., | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE TO COMPLAINT AT LAW

NOW COMES the Defendant, HEELING SPORTS, LTD., a Texas general partnership, incorrectly sued as "HEELYS SPORTS, LTD.", by its attorney, Purcell & Wardrope Chtd., and hereby responds to the Plaintiff's Complaint At Law, as follows:

## COUNT 1 – STRICT LIABILITY

1.      On and prior to the 8th day of January, 2007, the defendant, HEELYS SPORTS, LTD., a corporation (hereinafter referred to as "Heelys") was a corporation with its principal place of business located at Carrollton, Texas.

**ANSWER**:      The Defendant admits that it was a Texas general partnership, on and prior to the date in question, with its principal place of business located in Carrollton, Texas, but the Defendant denies any remaining allegations contained in paragraph 1 of Count I.

2.      On and prior to the aforesaid date, Heelys was duly registered and licensed to do business in the County of Cook, State of Illinois and was engaged in the business of designing, manufacturing and selling shoes with stealth wheels and did design, manufacture and sell a certain Heelys, Style 7104.

**ANSWER**:    The Defendant admits that it designed and sold certain wheeled footwear, including a certain model Heelys style #7104, and that same was placed in the stream of commerce such that it was available for sale to the general public in the counties in and near Chicago, Illinois, but the Defendant denies any remaining allegations contained in paragraph 2 of Count I.

3.    On the aforesaid date, the minor plaintiff was wearing Heelys and was on the asphalt driveway in front of his house at 612 Brita Trail, Minooka, Illinois, using the Heelys in a manner in which they were intended in a manner reasonably foreseeable.

**ANSWER**:    After reasonable inquiry, the Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of Count I, and therefore cannot admit or deny same.

4.    Defendant had a duty to design, manufacture, distribute and sell its shoes that they were neither defective, nor unreasonably dangerous when put to the use for which they were designed, manufactured, distributed and sold.

**ANSWER**:    The Defendant denies the allegations contained in paragraph 4 of Count I, and admits to only those duties implied by law.

5.    At the time the Heelys left the possession of defendant and at the time the shoes entered the stream of commerce, the shoes were an unreasonably dangerous and defective condition. These defects included but were not limited to the following:

a.    Failure to include sufficient and adequate instructions and warnings;

b.    Inadequate design of the stealth wheels in the shoes;

c.    An inherently unstable design and a defective design which would result in an unreasonably high propensity to allow foreign objects such as small pebbles to get into the wheel mechanism while rolling and cause the wheel to lock;

d.    Failure to provide adequate warning to consumers or users of the dangers or hazards inherent in the use of the Heelys;

e.    Failed to provide sufficient guards to prevent objects such as small pebbles from locking the wheels while rolling;

f.    Failed to design the shoes to preclude objects such as small pebbles commonly found outside from locking the wheels while rolling;

**ANSWER:**    The Defendant denies the allegations contained in paragraph 5 of Count I, and specifically denies the allegations contained in subparagraphs (a) – (f) thereunder.

6.    As a direct and proximate result of one or more or all of the foregoing wrongful acts or omissions while rolling on an otherwise smooth level asphalt surface, the minor plaintiff was caused to fall because a pebble entered the wheel housing causing the wheel to lock on his lead right foot while the rear left heel kept rotating.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 6 of Count I.

7.    That as a direct and proximate result of the foregoing wrongful acts or omissions, the minor plaintiff was caused to fall and suffered a spiral fracture of the left femur and other physical injuries and the minor plaintiff was caused to and will in the future be caused to endure pain and suffering in body and mind in an endeavor to be cured of his injuries and his mother, Kelly Caraynoff, as parent and guardian of said minor plaintiff, was caused to and will in the future be caused to expend money for medical care and attention for the minor plaintiff; furthermore, that the minor plaintiff was unable to, for a long period of time and in the future be unable to attend to his normal affairs and duties.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 7 of Count I.

8.    That plaintiff, KELLY CARAYNOFF, assigns and relinquishes any claim she has for recovery of medical expenses paid and for which she became and will become liable to pay to the minor plaintiff, ALEXANDER R. CARAYNOFF.

**ANSWER:**    After reasonable inquiry, the Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of Count I, and therefore cannot admit or deny same.

WHEREFORE, the Defendant, HEELING SPORTS, LTD., a Texas general partnership, incorrectly sued as "HEELYS SPORTS, LTD.", respectfully prays that judgment be entered in its favor and against the Plaintiff under Count I, and that it be awarded reasonable costs, fees and expenses.

## COUNT II – NEGLIGENCE

1-3.    Plaintiff hereby adopts and realleges Paragraphs 1 through 3 of Count I as Paragraphs 1 through 3 of Count II of this Complaint and further states:

**ANSWER:**    The Defendant realleges and incorporates by reference its responses to paragraphs 1-3 of Count I as its responses to paragraphs 1-3 of Count II, as if fully set forth hereunder.

4.    That at all times herein relevant, it was the duty of said defendant to exercise due care in the design, testing, manufacturing, marketing and selling of the Heelys' styel 7104 shoes such that the shoes would reasonably safe for their intended use.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 4 of Count II, and admits to only those duties implied by law.

5.    Defendant knew or had reason to know that the minor plaintiff, as a member of the general public for whose use the Heelys' shoes were placed into interstate commerce would likely be a recipient of the shoes by distributors who were sold the devices by defendant.

**ANSWER:**    The Defendant admits that its wheeled footwear were placed into the stream of commerce and that members of the general public would be recipients of the wheeled footwear from distributors, but the Defendant has insufficient knowledge after reasonable inquiry to form a belief as to whether the minor plaintiff was an intended user of said wheeled footwear, and therefore cannot admit, nor deny same. In further response, the Defendant denies any remaining allegations contained in paragraph 5 of Count II.

6.    Defendant knew or reasonably should have known of the danger associated with the manner and circumstances of the foreseeable use of Heelys' shoes which danger would not be obvious to the general public.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 6 of Count II.

7.    That notwithstanding the aforesaid duty, the defendant negligently and carelessly committed on or more of the following acts or omissions:

      a.    Failure to include sufficient and adequate instructions and warnings;

      b.    Inadequate design of the stealth wheels in the shoes;

      c.    An inherently unstable design and a defective design which would result in an unreasonably high propensity to allow foreign objects such as small pebbles to get into the wheel mechanism while rolling and cause the wheel to lock;

      d.    Failure to provide adequate warning to consumers or users of the dangers or hazards inherent in the use of the Heelys;

      e.    Failed to provide sufficient guards to prevent objects such as small pebbles from locking the wheels while rolling;

      f.    Failed to design the shoes to preclude objects such as small pebbles commonly found outside from locking the wheels while rolling;

**ANSWER:**    The Defendant denies the allegations contained in paragraph 7 of Count II, and specifically denies the allegations contained in subparagraphs (a) – (f) thereunder.

8.    That as a direct and proximate result of the foregoing wrongful acts or omissions, the minor plaintiff was caused to fall and suffered a spiral fracture of the left femur and other physical injuries and the minor plaintiff was caused to and will in the future be caused to endure pain and suffering in body and mind in an endeavor to be cured of his injuries and his mother, Kelly Caraynoff, as parent and guardian of said minor plaintiff, was caused to and will in the future be caused to expend money for medical care and attention for the minor plaintiff; furthermore, that the minor plaintiff was unable to, for a long period of time and in the future be unable to attend to his normal affairs and duties.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 8 of Count II.

WHEREFORE, the Defendant, HEELING SPORTS, LTD., a Texas general partnership, incorrectly sued as "HEELYS SPORTS, LTD.", respectfully prays that judgment be entered in its favor and against the Plaintiff under Count II, and that it be awarded reasonable costs, fees and expenses.

## FIRST AFFIRMATIVE DEFENSE

NOW COMES the Defendant, HEELING SPORTS, LTD., a Texas general partnership, incorrectly sued as "HEELYS SPORTS, LTD.", and in further response to the Plaintiff's Complaint At Law, hereby pleads the following as its First Affirmative Defense:

1.    At the time and place alleged, the minor Plaintiff, ALEXANDER R. CARAYNOFF, assumed the risk associated in wearing and utilizing the wheeled footwear in question.

WHEREFORE, the Defendant, HEELING SPORTS, LTD., a Texas general partnership, incorrectly sued as "HEELYS SPORTS, LTD.", respectfully prays that judgment be entered in its favor and against the Plaintiff under Counts I and II, and that it be awarded reasonable costs, fees and expenses.

## SECOND AFFIRMATIVE DEFENSE

NOW COMES the Defendant, HEELING SPORTS, LTD., a Texas general partnership, incorrectly sued as "HEELYS SPORTS, LTD.", and in further response to the Plaintiff's Complaint At Law, hereby pleads the following as its Second Affirmative Defense:

1.    At the time and place alleged, the minor Plaintiff, ALEXANDER R. CARAYNOFF, owed a duty to himself and to others to act in a reasonably and safe manner.

2.    At the time and place alleged, the minor Plaintiff breached said duty and proximately caused or contributed to the subject accident, injuries and damages, by committing one or more of the following careless and/or negligent acts and/or omissions:

(a)    Failed to read, understand, heed and/or follow the instructions and warnings provided with said wheeled footwear;

(b)    Failed to request further instructions or warnings regarding his use of said wheeled footwear, when he knew, or reasonably should have known, that such further instructions and warnings were necessary given his own physical and/or mental capabilities;

(c)    Improperly used or operated said wheeled footwear, in such a manner as to cause injuries and damages to himself;

(d)    Otherwise acted or failed to act in a reasonable manner, leading to his accident and/or injuries.

WHEREFORE, the Defendant, HEELING SPORTS, LTD., a Texas general partnership, incorrectly sued as "HEELYS SPORTS, LTD.", respectfully prays that, if judgment is entered against it under Count I and/or Count II and in favor of the Plaintiff, said judgment be reduced by that percentage to which the minor Plaintiff's own comparative fault or negligence caused or contributed to the subject occurrence, injuries and/or damages, and that judgment be entered in favor of the Defendant and against the Plaintiff if the minor Plaintiff's comparative fault and/or negligence exceeded 50% of the total fault attributable to the subject occurrence.

Respectfully Submitted,

By:    _____
Jonathan P. Schaefer

Purcell & Wardrope Chtd.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3625 - Caraynoff\Pleadings\Answer.doc

3625 BSP/P CC202

16

Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

KELLY CARAYNOFF as mother of )
ALEXANDER R. CARAYNOFF, a minor )
)
    Plaintiffs, )
)
    v. )    No.: 08 L 001296
)
HEELYS SPORTS, LTD., )
a corporation, )
)
    Defendant. )

DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

## DEMAND FOR PRODUCTION PURSUANT
## TO SUPREME COURT RULE 237 & 213(e)

NOW COMES the Defendant, HEELING SPORTS, LTD., a Texas general partnership, incorrectly sued as "HEELYS SPORTS, LTD.", by and through its attorneys, PURCELL & WARDROPE, CHTD., and requests that the Plaintiff, KELLY CARAYNOFF as mother of ALEXANDER R. CARAYNOFF, produce at the time of arbitration and trial in the above case, and such production to continue throughout the entire course of this lawsuit for arbitration and trial, pursuant to 237 & 213(e), of the Rules of the Supreme Court of the State of Illinois, the following persons and documents:

1.    It is hereby demanded, pursuant to Illinois Supreme Court Rule 213(e), that you produce immediately upon commencement of the arbitration and upon assignment of this matter for trial (unless otherwise herein indicated), and prior to the selection of the jury, the identity and last known address of all persons and organizations in addition to those previously disclosed, having knowledge of the facts relevant to this lawsuit.

2.    It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce KELLY CARAYNOFF and ALEXANDER CARAYNOFF at the time of arbitration and trial for examination under 2-1102 of the Illinois Code of Civil Procedure.

3.    It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce immediately upon commencement of the arbitration and upon assignment of this matter for trial

(unless otherwise herein indicated), and prior to the selection of a jury, the following original documents or tangible things or copies of same if originals are not available:

a. Any and all **statements** the **Plaintiff, the minor Plaintiff and/or his father** has given to some person or entity other than his/her attorney.

b. Any and all **statements** of any **other parties** (if a corporation or business entity, its employees, officers, directors or managing agents) given to some person or entity other than their attorney or insurer.

c. **Statements**, whether oral or written, of any other **witnesses** to the occurrence as alleged in Plaintiffs' Complaint, and as alleged in any cross-complaint or third-party action.

d. Any and all **photographs**, slides, motion pictures, diagrams, maps, schematics, graphs, and any other illustrated representation pertaining to the parties hereto, the instrumentalities and physical object(s) involved, including, but not limited to, the shoes or wheeled footwear, the scene of the alleged occurrence, and/or the injuries or damages claimed, taken before or after the subject accident.

e. All data, notes, memoranda, records, reports, correspondence, bills, x-rays, etc., reflecting the past, present and/or future physical and/or mental condition of the minor Plaintiff **prior to and subsequent** to the alleged incident including, *inter alia*, injuries sustained in this and other accidents.

f. All books, records, bills, statements, ledgers and other documents or memoranda whatsoever relating to or purporting to support any claim of **lost wages or lost earning capacity** (past or future) sought by the Plaintiff and/or minor Plaintiff in this case, including but not limited to employment and personnel records, union applications or inquiries, etc.

g. A list giving the names, addresses and specialties of all **expert witnesses,** other than non-treating experts who are not merely consultants and who are not to testify at the trial of this cause.

h. The statements, reports, notes, memoranda, and any other document prepared by any expert who may be called as a witness at trial.

i. Any and all documents indicated in Plaintiff's Answers to Interrogatories as being responsive to a particular interrogatory.

j. Any **incident reports, police reports or other documents** concerning the events described in the Plaintiff's Complaint.

k.   Any and all federal and state **tax returns** of the minor Plaintiff, including any W-2 or 1099 Forms and all schedules, for the years **2000 to the present**.

l.   All **inspection reports**, reports of examination, documents, or memoranda pertaining to the Defendant's shoes or wheeled footwear, and/or any other equipment and/or material involved in the alleged occurrence.

m.   All report cards, memos, notes, letters, reports, or other documentation of any kind reflecting the Plaintiff's class assignments, class subjects, or any other aspect of his schooling and education for the last five (5) years, including, but not limited to, any and all discipline, detention, suspension, etc., which may have been imposed by any educational facility or personnel.

n.   Any and all reports, letters, memos, or other written documents regarding the defendant's alleged negligent conduct.

o.   List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

p.   Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

q.   A copy of any and all written communications received by you from this defendant relative to said accident or claim.

r.   A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.

s.   Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

t.   Any statement taken from any defendant with regard to the circumstances of the accident, the nature and extent of the minor plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

u.   Any statement or report of any witness with regard to the circumstances of the accident, the nature and extend of the minor plaintiff's injuries and

damages, or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

v.   Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested the minor plaintiff(s).

w.   All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

x.   Any and all reports rendered by any witness whom you expect to provide opinion testimony at trial.

Respectfully Submitted,

By: _____

Jonathan P. Schaefer

**PURCELL & WARDROPE, CHTD.**
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\UPS\3625 - Caraynoff\Discovery\RTP237.doc

4

3625 BSP/P CC202                                      Firm No. 08079

16

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

KELLY CARAYNOFF as mother of )
ALEXANDER R. CARAYNOFF, a minor )
                         )
       Plaintiffs, )
                         )
       v. )     No.: 08 L 001296
                         )
HEELYS SPORTS, LTD., )
a corporation, )
                         )
       Defendant. )

## RULE 214 REQUEST FOR PRODUCTION TO PLAINTIFF

NOW COMES the Defendant, HEELING SPORTS, LTD., a Texas general partnership,

incorrectly sued as "HEELYS SPORTS, LTD.", by and through its attorneys, PURCELL &

WARDROPE, CHTD., and hereby requests that Plaintiff, KELLY CARAYNOFF *as mother*

*and on behalf of ALEXANDER R. CARAYNOFF*, pursuant to Illinois Supreme Court Rule 214,

to produce the documents described hereunder (together with any transcripts, reports,

memoranda or recordings purporting to reflect but not to evaluate the same). The documents

described herein shall be produced within twenty-eight (28) days after you receive this request

for production, Purcell & Wardrope, Chtd., 10 South LaSalle Street, Suite 1200, Chicago,

Illinois 60603.

## DEFINITIONS

As used herein, the words and phrases have the meaning or meanings prescribed for
them:

1.     The word "document" or "documents" shall mean every original (and every
copy of any original or copy which differs in any way from the original) of
every writing or recording of every kind or description, whether hand written,

1

typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatsoever, including without limitation, books, records, papers, pamphlets, brochures, circulars, advertisements, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or engineering reports, correspondence, communications, telegrams, memoranda, notes, notebooks, worksheets, reports, lists, analyses, summaries, ledgers, accounts, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, cancelled checks, receipts, contracts, agreements, instruction assignments, applications, offers, acceptances, proposals, financial statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and records.

2.    "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

3.    "Identification" or "identify" shall mean as to a document or agreement, stating:

    a.    The date of its creation, execution and receipt;

    b.    Its author or signatory;

    c.    Its addressee and every other recipient or persons having knowledge of its contents or whereabouts;

    d.    Its type or nature (e.g. letter, memorandum, etc.) including its subject matter (which shall be stated with particularity);

    e.    The number of pages, pieces or units contained therein or forming a part thereof;

    f.    The name and business and home address of the custodian of the document;

    g.    The present location of the document.

## INSTRUCTIONS

In construing this request:

1.      The singular shall include the plural and the plural shall include the singular.

2.      A masculine, feminine or neuter pronoun shall not exclude the other genders.

3.      Each request shall extend to all documents which are or have been in the possession or subject to the control of the Plaintiff, and all persons subject to its direction or control at any time during the period of time covered by this request.

4.      With respect to any document, the production of which is objected to on the ground of any claim of privilege or for any other reason, Plaintiff shall identify the document and shall further:

   a.      State the nature of the claim of privilege or other ground of objection;

   b.      State all facts relied upon in support of the claim of privilege or other ground of objection or related thereto;

   c.      Identify all documents related to the claim of privilege or other ground of objection;

   d.      Identify all persons having knowledge of any facts related to the claim of privilege or other ground of objection;

   e.      Identify all events, transactions or occurrences related to the claim of privilege or other ground of objection.

## DOCUMENTS REQUESTED

1.      Any and all **statements the Plaintiff, the minor Plaintiff and/or his father** has given to some person or entity other than his/her attorney.

**RESPONSE**:

2.      Any and all **statements** of any **other parties** (if a corporation or business entity, its employees, officers, directors or managing agents) given to some person or entity other than their attorney or insurer.

**RESPONSE**:

3

3.    **Statements**, whether oral or written, of any other **witnesses** to the occurrence as alleged in Plaintiffs' Complaint, and as alleged in any cross-complaint or third-party action.

RESPONSE:

4.    Any and all **photographs**, slides, motion pictures, diagrams, maps, schematics, graphs, and any other illustrated representation pertaining to the parties hereto, the instrumentalities and physical object(s) involved, including, but not limited to, the shoes or wheeled footwear, the scene of the alleged occurrence, and/or the injuries or damages claimed, taken before or after the subject accident.

RESPONSE:

5.    All data, notes, memoranda, records, reports, correspondence, bills, x-rays, etc., reflecting the past, present and/or future physical and/or mental condition of the minor Plaintiff **prior to and subsequent** to the alleged incident including, *inter alia*, injuries sustained in this and other accidents.

RESPONSE:

6.    All books, records, bills, statements, ledgers and other documents or memoranda whatsoever relating to or purporting to support any claim of **lost wages or lost earning capacity** (past or future) sought by the Plaintiff and/or minor Plaintiff in this case, including but not limited to employment and personnel records, union applications or inquiries, etc.

RESPONSE:

7.    A list giving the names, addresses and specialties of all **expert witnesses,** other than non-treating experts who are not merely consultants and who are not to testify at the trial of this cause.

RESPONSE:

8.    The statements, reports, notes, memoranda, and any other document prepared by any expert who may be called as a witness at trial.

RESPONSE:

9.    Any and all documents indicated in Plaintiff's Answers to Interrogatories as being responsive to a particular interrogatory.

RESPONSE:

10.    Any **incident reports, police reports or other documents** concerning the events described in the Plaintiff's Complaint.

RESPONSE:

4

11.    Any and all federal and state **tax returns** of the minor Plaintiff, including any W-2 or 1099 Forms and all schedules, for the years **2000 to the present**.

**RESPONSE**:

12.    All **inspection reports**, reports of examination, documents, or memoranda pertaining to the Defendant's shoes or wheeled footwear, and/or any other equipment and/or material involved in the alleged occurrence.

**RESPONSE**:

13.    All report cards, memos, notes, letters, reports, or other documentation of any kind reflecting the Plaintiff's class assignments, class subjects, or any other aspect of his schooling and education for the last five (5) years, including, but not limited to, any and all discipline, detention, suspension, etc., which may have been imposed by any educational facility or personnel.

**RESPONSE**:

14.    Any and all reports, letters, memos, or other written documents regarding the defendant's alleged negligent conduct.

**RESPONSE**:

15.    List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

**RESPONSE**:

16.    Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

**RESPONSE**:

17.    A copy of any and all written communications received by you from this defendant relative to said accident or claim.

**RESPONSE**:

18.    A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.

**RESPONSE**:

5

19.    Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

**RESPONSE:**

20.    Any statement taken from any defendant with regard to the circumstances of the accident, the nature and extent of the minor plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

**RESPONSE:**

21.    Any statement or report of any witness with regard to the circumstances of the accident, the nature and extend of the minor plaintiff's injuries and damages, or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

**RESPONSE:**

22.    Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested the minor plaintiff(s).

**RESPONSE:**

23.    All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

**RESPONSE:**

24.    Any and all reports rendered by any witness whom you expect to provide opinion testimony at trial.

**RESPONSE:**

25.    Pursuant to Supreme Court Rule 214, Plaintiff shall furnish an affidavit stating whether the production is complete in accordance with the request.

Respectfully Submitted,

By: _____
Jonathan P. Schaefer

**PURCELL & WARDROPE, CHTD.**
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\PS\3625 - Caraynoff\Discovery\Rule214.doc

3625 BSP/P CC202                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

KELLY CARAYNOFF as mother of )
ALEXANDER R. CARAYNOFF, a minor )
          )
      Plaintiffs, )
          )
      v. )      No.: 08 L 001296
          )
HEELYS SPORTS, LTD., )
a corporation, )
          )
      Defendant. )

08 MAR 14 PM 2:52

DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

## INTERROGATORIES

NOW COMES the Defendant, HEELING SPORTS, LTD., a Texas general partnership,

incorrectly sued as "HEELYS SPORTS, LTD.", by and through its attorneys, PURCELL &

WARDROPE, CHTD., and requests that Plaintiff, KELLY CARAYNOFF, *as mother and on*

*behalf of ALEXANDER R. CARAYNOFF*, answer the following Interrogatories pursuant to

Illinois Supreme Court Rule 213, within twenty-eight (28) days upon receipt hereof. Please be

advised that these Interrogatories are directed to the knowledge within the possession of the

Plaintiff, the minor Plaintiff, and/or their attorneys or other agents:

    1.    State the minor Plaintiff's full name, address, date of birth and approximate
weight and height at the time of the alleged occurrence.

    **ANSWER:**

    2.    State the full name and address of each person who witnessed or claims to have
witnessed the occurrence alleged in the minor Plaintiff's Complaint.

    **ANSWER:**

    3.    State the full name and address of each person not named in Interrogatory
number two above, who was present or claims to be present at the scene of the occurrence
immediately before, at the time of, or immediately following.

ANSWER:

4.    In regard to the "shoes with stealth wheels" referred to in your Complaint at Law, please state:

    (a)    Describe the type, size and model number (if any) of the shoes or wheeled footwear which was involved in the occurrence complained of;

    (b)    State the name and address of the manufacturer of the shoes or wheeled footwear and the approximate date of the manufacture; and

    (c)    State the name and address of the last known purchaser of the wheeled footwear which was involved in the occurrence, and the date of said purchase.

ANSWER:

5.    State the names and addresses of all persons who inspected, saw or otherwise observed the alleged defective condition of the shoes or wheeled footwear, and give the date of said inspection or observations.

ANSWER:

6.    State the number of photographs taken of the shoes or wheeled footwear which was involved in the occurrence, the scene of the occurrence and/or the minor Plaintiff's claimed injuries, and the date(s) and photographer(s) taking same.

ANSWER:

7.    If you have any information or knowledge as to whether there were ever any repairs or alterations made to the shoes or wheeled footwear, please state by whom, when and the nature of the repairs or alterations.

ANSWER:

8.    State the identity and address of all persons or entities whom have had custody of the shoes or wheeled footwear which was involved in the occurrence complained of from the date of its purchase until the present time, stating the time period during which each of said persons had custody of said shoes or wheeled footwear.

ANSWER:

9.    Please state the name and address of anyone to whom the Plaintiff, minor Plaintiff or anyone else, made any complaints, or from whom the Plaintiff, minor Plaintiff or

2

anyone else, received complaints, concerning the shoes or wheeled footwear before the subject accident.

**ANSWER:**

10.    State the number of times the minor Plaintiff used the shoes or wheeled footwear prior to the occurrence complained of in the Complaint, and describe the length of time the minor Plaintiff used said shoes or wheeled footwear on each such occasion.

**ANSWER:**

11.    Describe the weather conditions at the time of the occurrence complained of in the Complaint, and describe the nature and condition of the surface upon which the minor Plaintiff used said shoes or wheeled footwear at the time of the occurrence.

**ANSWER:**

12.    Describe in detail:

    (a)    *Where* the accident occurred;

    (b)    The length of time the minor Plaintiff had been using the wheeled footwear just before the accident; and

    (c)    *What* the minor Plaintiff was doing immediately before the accident (standing still, rolling forward or backward on one or both feet, turning to the left or the right on one or both feet, spinning to the left or to the right on one or both feet, jumping, etc.).

**ANSWER:**

13.    With regard to the injuries alleged to have been sustained as a result of this occurrence, pleases state as follows:

    a)    The name and address of each physician, medical care provider or treater, including x-ray technicians;

    b)    The date of inclusive dates on which each of them rendered you service;

    c)    The amounts to date of the bills or each medical practitioner for the services which were rendered;

    e)    State the nature of the injuries the minor Plaintiff alleged to have sustained as a result of this occurrence.

**ANSWER:**

14.   As a result of said occurrence, was the minor Plaintiff a patient or out-patient at any hospital or clinic?  If so, state the name and address of each such hospital or clinic, the amounts of the respective bills, and the date or inclusive dates of said services.

**ANSWER:**

15.   Please state the amount of time, wages and benefits claimed by the minor Plaintiff to have been lost as a result of the occurrence alleged in the Complaint, including the name(s) and address(es) of his employer(s).

**ANSWER:**

16.   State any and all expenses or losses the Plaintiff or minor Plaintiff claim as a result of said occurrence.

**ANSWER:**

17.   During the five years immediately prior to said occurrence, had the minor Plaintiff been confined to a hospital, treated by a physician or x-rayed for any reason *other than personal injury*?  If so, give the name and address of each such hospital, physician, technician or clinic, the approximate date of such confinement or service, and state, in general terms, the reason for such confinement or service.

**ANSWER:**

18.   State whether the minor Plaintiff had suffered any personal injury prior to the date of said occurrence.  If your answer is in the affirmative, state when, where and in general, how the minor Plaintiff was injured, describe in general terms the injuries sustained and provide the names and addresses of the minor Plaintiff's medical care providers.

**ANSWER:**

19.  State whether the minor Plaintiff had suffered either (a) any personal injury or (b) serious illness, since the date of said occurrence.  If the minor Plaintiff's answer is in the affirmative, pleases state where, when and in general how the minor Plaintiff was injured and describe in general terms the injuries sustained; and, if the minor Plaintiff was ill, state when the minor Plaintiff was ill and describe in general the illness sustained.

**ANSWER:**

20.   State whether any other suit or claim had been filed by or on behalf of the minor Plaintiff for his own personal injuries, and if so, state the complete title and docket number of said case, as well as the Court in which such case was filed and the nature of the Complaint, or the name, address and claim number of the relevant insurance claim.

ANSWER:

21.    State whether the Plaintiff, the minor Plaintiff, or their representatives have statements from any witnesses, and if so, give the name and address of each witness, the date of said statement, and whether such statement was written or oral.

ANSWER:

22.    Please state the name and address of any persons whom used the subject shoes or wheeled footwear at any time before or after the subject accident, including the number of times and the length of time per occasion for each such person.

ANSWER:

Respectfully submitted,

By: _____
Jonathan P. Schaefer

Purcell & Wardrope Chtd.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3625 - Caraynoff\Discovery\Rogs.doc

5

3625 BSP/P CC202                                                    Firm No. 08079

16

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT LAW DIVISION

KELLY CARAYNOFF as mother of        )    DOROTHY BROWN
ALEXANDER R. CARAYNOFF, a minor   )    CLERK OF CIRCUIT COURT
                                          )    LAW DIVISION
         Plaintiffs,                              )
                                           )
        v.                                        )    No.: 08 L 001296
                                           )
HEELYS SPORTS, LTD.,                       )
a corporation,                                    )
                                           )
         Defendant.                             )

## PLAINTIFF'S STIPULATION

NOW COMES the Plaintiff, KELLY CARAYNOFF as mother of ALEXANDRA R.

CARAYNOFF, a minor, by and through the undersigned attorney, hereby stipulates and agrees

that the wheeled footwear (style #7104) made the subject of the Plaintiff's Complaint At Law

will be safeguarded and stored by the Plaintiff, and will not be subjected to any destructive

testing or other material change to its current condition, until further order of court after due

notice to the parties.

Dated: March 13, 2008

                                       _____
                                         Barry Weiss
                                         Attorney for Plaintiff

**TOPPER AND WEISS, LTD.**
19 S. LaSalle Street., Suite 1202
Chicago, IL 60603
(312) 641-1975
F:\JPS\3625\Pleadings\Plaintiff's Stipulation.doc

3625 BSP/P CC202                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| KELLY CARAYNOFF as mother of | ) | |
| ALEXANDER R. CARAYNOFF, a minor | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 08 L 001296 |
| | ) | |
| HEELYS SPORTS, LTD., | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF FILING

To:   Barry Weiss
      Topper and Weiss, Ltd.
      19 S. LaSalle Street, Suite 1202
      Chicago, IL 60603

PLEASE TAKE NOTICE that on **March 14, 2008,** we caused to be filed with the Clerk of the Circuit Court of Cook County, Defendant Heeling Sports, Ltd.'s *Appearance and Jury Demand, Answer and Affirmative Defense, Interrogatories to Plaintiff, Rule 214 Request For Production, Rule 237 Request for Production, and Plaintiff's Stipulation,* copies of which are attached hereto.

By:   _____
      Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3625 - Caraynoff\Pleadings\NOF001.doc

### CERTIFICATE OF SERVICE

I, Mary Dannevik, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I served this Notice of Filing and the documents referenced, by hand delivery, copies to all attorneys of record at their listed addresses on March 14, 2008.

_____
Mary Dannevik

3625 BSP/P CC202                                                                 Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| KELLY CARAYNOFF as mother of | ) | |
| ALEXANDER R. CARAYNOFF, a minor | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 08 L 001296 |
| | ) | |
| HEELYS SPORTS, LTD., | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF FILING

To:   Barry Weiss
      Topper and Weiss, Ltd.
      19 S. LaSalle Street, Suite 1202
      Chicago, IL 60603

    PLEASE TAKE NOTICE that on **March 17, 2008**, we caused to be filed with the Clerk of the Circuit Court of Cook County, Defendant Heeling Sports, Ltd.'s *Notice of Removal,* a copy of which is attached hereto.

By:   _____
      Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\IPS\3625 - Caraynoff\Pleadings\NOF002.doc

### CERTIFICATE OF SERVICE

    I, Mary Dannevik, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I served this Notice of Filing and the documents referenced, by hand delivery, copies to all attorneys of record at their listed addresses on March 17, 2008.

_____
Mary Dannevik

**FILED**

**MARCH 17, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

3625 BSP/P CC202

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| KELLY CARAYNOFF as mother of | ) | |
| ALEXANDER R. CARAYNOFF, a minor | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: |
| | ) | |
| HEELYS SPORTS, LTD., | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**08 C 1553**

**JUDGE DOW**
**MAGISTRATE JUDGE BROWN**

### NOTICE OF FILING

To:   Barry Weiss
      Topper and Weiss, Ltd.
      19 S. LaSalle Street, Suite 1202
      Chicago, IL 60603

PLEASE TAKE NOTICE that on **March 17, 2008**, we electronically filed in the United States District Court for the Northern District of Illinois – Eastern Division, Defendant Heeling Sports, Ltd.'s *Notice of Removal, Appearance, Civil Cover Sheet, and Proof of Service Re: Request to Admit Facts,* copies of which are attached hereto.

By:   /s/ Jonathan P. Schaefer
      Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3625 - Caraynoff\Pleadings\NOF003 (Fed Ct.).doc

### CERTIFICATE OF SERVICE

I, Mary Dannevik, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I served this Notice of Filing and the documents referenced, by hand delivery, copies to all attorneys of record at their listed addresses on March 17, 2008.

/s/ Mary Dannevik
Mary Dannevik