IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

KELLY CARAYNOFF, as mother of      )
ALEXANDER R. CARAYNOFF, a minor,  )
                                   )
            Plaintiff,             )
                                   )
        vs.                        )      NO.  08 C 1553
                                   )
HEELYS SPORTS, LTD.,               )      Honorable Judge Robert M. Dow, Jr.
a corporation,                     )
                                   )
            Defendant.             )

## JOINT STATUS REPORT

NOW COME the parties hereto, through their respective attorneys, and renders a report

as to the status on the above case as of May 2, 2008.

## A.    THE ATTORNEYS OF RECORD FOR EACH PARTY, INCLUDING THE ATTORNEY(S) EXPECTED TO TRY THE CASE.

PLAINTIFF'S ATTORNEY:
Barry Weiss
Topper and Weiss, Ltd.
19 S. LaSalle St., Suite 1202
Chicago, Illinois
#312-641-1975

DEFENDANT'S ATTORNEY:
Jonathan P. Schaefer
Purcell & Wardrope, Chtd.
10 S. LaSalle St., Suite 1200
Chicago, Illinois
#312-427-3900

## B. THE BASIS FOR FEDERAL JURISDICTION:

Diversity of jurisdiction, pursuant to 28 U.S.C.A. 1332, 1441 and 1446.  The amount in

controversy in this case is in excess of $75,000 exclusive of any interest and/or costs.  The

plaintiff, Kelly Caraynoff and minor, Alexander R. Caraynoff, a minor, at all times pertinent are

residents of the state of Illinois.

Defendant, Heelys Sports, Ltd., is a resident of the State of Texas.

## C.  THE NATURE OF THE CLAIMS ASSERTED IN THE COMPLAINT AND ANY COUNTERCLAIM.

This case involves a product liability claim brought by the mother of Alexander R. Caraynoff, a minor born December 11, 1997.  While in the driveway of his residence in Minooka, Illinois, and while wearing a pair of Heelys wheeled footwear allegedly in a manner reasonably to be expected by the manufacturer, in compliance of warnings, and  in a reasonably safe manner, Alexander was allegedly caused to fall when the wheel on one of the shoes locked when a pebble became imbedded in it, causing the minor plaintiff to have a spiral fracture of the left femur.  As a result, the minor plaintiff was taken to Palos Community Hospital and subsequently had initial surgery at The Children's Memorial Hospital, with removal of the rods subsequently performed at The University of Chicago Hospital.  The last surgery was performed in August, 2007.   No counter-claim is asserted to date.


## D.  THE NAME OF ANY PARTY WHO OR WHICH HAS NOT BEEN SERVED AND ANY FACT OR CIRCUMSTANCE RELATED TO NON-SERVICE OF PROCESS ON SUCH PARTY.

The Defendant has been served.


## E.  THE PRINCIPAL LEGAL ISSUES.

This case involves whether defendant's product, a pair of Heelys wheeled footwear worn by the minor plaintiff at the time of his injury, was unreasonably dangerous under strict liability design-defect theory.  Under the "consumer expectation test" the issue is whether the product is unreasonably dangerous based on whether it is more dangerous than an ordinary consumer purchasing it would expect or realize.  Alternatively, the design of the shoes may be held unreasonably dangerous if the risk of the danger in the challenged design outweighs the benefits of the design known as the "risk-benefit test".

## F.  THE PRINCIPAL FACTUAL ISSUES.

The first principal factual issue is whether the wheeled footwear indeed was in a dangerous and defective condition. The second issue relates to the manner of use of the wheeled footwear by the minor plaintiff at the time of his injury. A third factual issue is what caused the minor plaintiff to fall.  Further, inquiries then relate to how a reasonably and ordinary consumer, i.e., typical user of the product or a parent in allowing a child to use the product, would use the wheeled footwear. Other fact considerations are whether there was misuse or abuse of the product, whether there was a reasonable and foreseeable alternative design available that would have made the product safer, and/or was anyone else responsible for causing or contributing to the accident?  Finally, other issues may relate to injuries received by the minor plaintiff.

## G.  WHETHER A JURY TRIAL HAS BEEN DEMANDED BY ANY PARTY.

Defendant has demanded a jury trial.

## H.  A BRIEF DESCRIPTION OF ANY DISCOVERY THAT HAS BEEN TAKEN AND OF THE DISCOVERY ANTICIPATED TO BE REQUIRED, AND SUGGESTED DATES FOR DISCOVERY DEADLINES AND CUTOFF.  PARTIES ARE REMINDED OF THEIR DISCOVERY OBLIGATIONS UNDER FED. R. CIVIL. P. 26 AND LOCAL RULE 26.1.

Since the removal, plaintiff has not had an opportunity to answer affirmative defenses raised, which it would request to do instanter, as well as to serve interrogatories and discovery requests to defendant. Defendant, before the removal, filed discovery requests pursuant to the discovery rules of Supreme Court Rules 213, 214 and 237, which plaintiff is in the process of answering and has sent out to the mother of the minor plaintiff for signature.  Service of the plaintiff's answers to the state-court discovery propounded by the defendant will be within the next 21

days, or by 5/28/08. The plaintiff is to serve her initial discovery on the defendant by 5/21/08, and the defendant shall respond thereto by 6/20/08. The parties will also provide FRCP 26(a)(1) Initial Disclosures within said 21 days, or by 5/28/08. Subpoenas have been issued by the Plaintiff for medical records, which should be forthcoming.  The parties would expect time to take the deposition of the parties and occurrence/post-occurrence witnesses, including the parents of the minor plaintiff, by 8/28/08. The parties request that the parties' expert Rule 26(a)(2)(A and B) disclosures and deposition dates be staggered thereafter, with the plaintiff being required to disclose her expert(s) by 10/28/08, and present her experts for deposition (if requested) by 12/15/08, and with the defendant having until 1/31/09 to disclose, and to 3/15/09 to present its Rule 26(a)(2) experts.

Thereafter, the parties reasonably believe they would attempt to amicably resolve the matter, but at this time cannot be in a position of determining whether or not the case can be settled.

## I.  IF REASONABLE ASCERTAINABLE AT THIS EARLY STAGE OF THE CASE, THE EARLIEST DATE THE PARTIES WOULD BE READY FOR TRIAL AND THE ESTIMATED LENGTH OF TRIAL.

It is estimated that the earliest trial date would be approximately twelve months from the date of the first status hearing.

## J.  WHETHER THE PARTIES CONSENT UNANIMOUSLY TO PROCEED BEFORE A MAGISTRATE JUDGE.

No.

## K.  THE STATUS OF ANY SETTLEMENT DISCUSSIONS.

Settlement has, to date, not been discussed as the plaintiff has not made a demand, nor provided any expert opinions as to the footwear's alleged defect(s), such that the defendant could have the

opportunity to evaluate the facts of the case, the injuries, the items of special damages, and the expert's complaints about the product.

**L.  WHETHER THE PARTIES REQUEST A SETTLEMENT CONFERENCE.**

At this time, the parties agree it is premature to request a settlement conference.

Respectfully submitted,

PURCELL & WARDROPE, CHTD.          TOPPER AND WEISS, LTD.

_____/s/ Jonathan P. Schaefer_____          _____/s/ Barry Weiss_____